(24 Civ. Proc. R. 60.)

### CROUCH v. HOYT.

(Superior Court of New York City, Special Term.     September 15, 1894.)

ATTORNEY AND CLIENT—LIEN—IMPRISONMENT OF DEFENDANT.

Under Code Civ. Proc. § 66, which gives an attorney a lien for his services, on his client's cause of action, and provides that it "cannot be affected by any settlement between the parties," a defendant who has been arrested in a civil action will not be discharged until payment of the fees of plaintiff's attorney, though plaintiff has released his cause of action against defendant, and consented to defendant's discharge from imprisonment.

At chambers. Action by Leslie H. Crouch against Addison H. Hoyt to recover $20,000 for the alleged alienation of the affections of plaintiff's wife, Mary S. Crouch. Defendant was arrested, and imprisoned in the Ludlow Street jail. Afterwards, plaintiff gave a general release of his cause of action, and consented to defendant's

discharge from imprisonment, and defendant moves to be discharged accordingly. Plaintiff's attorney resists the motion, claiming that he has a lien on the case for his services, under Code Civ. Proc. § 66, which provides that "from the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party, has a lien upon his client's cause of action or counterclaim which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosoever's hands they may come; and cannot be affected by any settlement between the parties before or after judgment." Motion denied.

Josiah T. Lovejoy, for plaintiff.
R. J. Haile, for defendant.

McADAM, J. The defendant was incarcerated August 23, 1894, under an order of arrest granted by Judge Freedman. Since then the plaintiff has relented, executed a general release to the defendant, and consented to his discharge from imprisonment. Josiah T. Lovejoy, the attorney of the plaintiff, objects to the defendant's discharge on the ground that his fees in the action, amounting to $250, have not been paid. Section 66 of the Code gives the attorney who appears for a party a lien upon his client's cause of action, which cannot be affected by any settlement between the litigants. This lien extends to all provisional remedies or securities given in the action after its commencement. Therefore, there can be no valid discharge of the defendant, who is totally impecunious, until the attorney who incarcerated him sees fit to consent, and this counsel absolutely refuses to do. This is a sad case, but the court can extend no aid. Motion to discharge denied.